## FLYNN v. HAYZLETT.
### No. 2442.

Court of Civil Appeals of Texas. El Paso. Oct. 9, 1930.

Rehearing Denied Nov. 6, 1930.

W. H. Lipscomb and Zweifel & Tuohy, all of Fort Worth, for plaintiff in error.

Dunaway & Lee, of Midland, for defendant in error.

### PELPHREY, C. J.

In November, 1929, defendant in error was the owner of certain oil and gas royalties on 1,660 acres of land in Ward county, Tex. On the 3d day of that month his agent, H. S. Cook, sent the following telegram to W. B. Flynn of Fort Worth, Tex., and J. D. Bodkins of San Angelo, Tex.:

"Offer subject prior sale one-eighth Sixteen Hundred Sixty Hayzlett Royalty Six Thousand Dollars Shipley Well in.
"H. S. Cook."

On the same date he also wired John F. Shipley of Midland, Tex., asking him what he (Cook) could get for the royalty.

The same day he received the following wire from Shipley:

"Am offered Eight Thousand for the one-eighth royalty under Sixteen Hundred Sixty Acres Ans here money will be paid Monday wire answer here tonight.
"John F. Shipley."

In response to the above wire, Cook wired Shipley as follows:

"Accept offer Eight Thousand Dollars One Eighth Royalty Hayzlett Sixteen Hundred Sixty Acres coming with Deed Expect Arrive Midland Tuesday Morning can Supply you with Tanks if Wanted There.
"H. S. Cook."

On November 4th Flynn wired Cook at Maitland, Mo., accepting the offer, the wire being delivered to Cook at Mineral Wells, Tex., and later Bodkins also accepted.

A deed to a one-eighth royalty was executed by defendant in error to Shipley, and on November 9th the following affidavit was filed in the records of Ward county:

"Comes now W. B. Flynn of Tarrant County, Texas, who first being duly sworn on his Oath states that S. F. Hayzlett submitted to him through his agent royalty on the following described land in Ward County, Texas:

"Section 21, and N. ½ and the S. W. ¼ of Section 17, and the South 540 acres of Section 3 Block 5 H. & T. C. Railway Company Survey.

"That affiant accepted the offer and is ready to pay the purchase price agreed upon, but that said Hayzlett refuses to accept the money or execute the Deed. Affiant hereby gives public notice that he intends to enforce his rights as to the above mentioned royalty and mineral rights.

"Further affiant sayeth not.
"W. B. Flynn."

This suit was brought by Hayzlett to have canceled the above affidavit and to remove from his title the cloud cast thereon by it. Plaintiff in error answered by general demurrer, general denial, and by cross-action in which he alleged the execution of a contract with the agent of defendant in error, a refusal by defendant in error to comply therewith, and prayed for specific performance

and in the alternative for damages in the sum of $24,000.

Defendant in error by supplemental petition demurred to the cross-action, generally denied the allegations thereof, and specially answered alleging his offer to plaintiff in error to have been conditional upon a prior sale of the royalty to others and that prior to the acceptance by plaintiff in error a sale to Shipley. The cause was submitted to a jury upon the following two special issues:

"Special Issue No. 1. Did plaintiff, S. F. Hayzlett, constitute H. S. Cook his agent with authority to sell more than one-eighth (⅛th) of the royalty in the 1660 acres of land described in the pleadings? Answer yes or no. Answer: No.

"Special Issue No. 2. Did H. S. Cook, as the authorized agent of the plaintiff, S. F. Hayzlett, make a bona fide sale or contract of sale of an undivided one-eighth (⅛) of the royalty in the 1660 acres of land described in the pleadings prior to the time of the filing of the telegram of acceptance by the defendant, W. B. Flynn? Answer Yes or No. Answer: Yes."

Upon the answers of the jury to the above issues the court rendered judgment in favor of Hayzlett canceling and annulling the affidavit, removing the cloud from his title in the land described in the affidavit, and quieting his title, and the cause has been brought to this court for review on writ of error.

### Opinion.

Plaintiff in error, at the conclusion of the testimony, moved the court to instruct the jury to return a verdict in his favor and here assigns error to the court's action in overruling such motion upon the following grounds:

(1) That the telegrams exchanged between Cook and Shipley did not constitute a contract for the sale of an interest in the royalty; (2) that there was no evidence proving or tending to prove the execution of a bona fide sale of the royalty prior to the acceptance by him; and (3) that the answer of the jury to special issue No. 2 was immaterial and that the construction and effect of the telegrams exchanged between Cook and Shipley was a matter for the court and that the court erred in rendering judgment upon said answer.

The theory of plaintiff in error is that Cook's first telegram to Shipley being merely a request for information as to the price which could be obtained for the royalty interest, Shipley's reply being only the statement that he was offered $8,000, and not that he (Shipley) was offering $8,000, and Cook's reply directing Shipley to accept the offer, at most merely constituted Shipley an agent to sell the royalty interest, and that neither Shipley nor any one else was bound by these telegrams to purchase the royalty interest,

and that these telegrams comprising the only communication between Cook and Shipley from November 3 to November 6, there was no binding contract for the sale entered into between Cook and Shipley prior to the filing of plaintiff in error's telegram on November 4th, or its receipt by Cook on November 5th.

From the conduct of the parties they did not so construe the contract. The record shows that immediately upon the sending of the wire of acceptance, Cook had his principal execute a deed to Shipley for the royalty and started with such deed to Midland to close the transaction; that upon his arrival at Midland the deed was delivered to Shipley and he paid the amount offered, there being no suggestion in the record that Shipley ever requested or received from either Cook or Hayzlett any commission for any services.

It seems that Cook considered the offer to be from Shipley himself or at any rate from his undisclosed principal, and in either event he would have been liable for damages for a breach of such agreement. If we are correct in holding that the telegrams in question constituted a contract of sale, then the only questions remaining would be whether the contract was bona fide and whether it was entered into by Cook before an acceptance by Flynn.

The question of the bona fides of the contract was submitted to the jury and answered in the affirmative by it, as was the question of whether or not such contract was made prior to the filing of Flynn's telegram of acceptance. This question we think was material and properly submitted.

Plaintiff in error's second assignment complains of the trial court's action in admitting evidence tending to show a want of authority in Cook to sell an undivided one-eighth royalty interest in the 1,660 acres, there being no verified pleading by defendant in error denying such authority.

Plaintiff in error, in his argument under this assignment, contends that the telegrams between Cook and him not specifying any particular one-eighth of the royalty, Hayzlett should not have been permitted to testify that any particular part of the royalty was all that Cook was authorized to sell; and that his so doing was a denial of Cook's authority (without a verified pleading) and was in violation of the rule which prohibits the introduction of parol evidence to vary the terms of a written contract.

From plaintiff in error's own testimony it appears that he knew that Cook was not the owner of the royalty and was only the agent for Hayzlett, therefore the receipt of the telegram from Cook offering one-eighth of the royalty, subject to prior sale, would put him on notice either that Hayzlett owned only one-eighth of the royalty, or owned more,

but wanted only to sell one-eighth, and in either event that Cook had authority to sell only one-eighth.

Plaintiff in error in his affidavit filed in the records of Ward county depends upon his agreement with Hayzlett's agent and in his cross-action bases his right to a specific performance of the contract upon the telegram from Cook and his acceptance of the offer therein contained.

Having notice that Cook's authority extended to only one-eighth of the royalty and that one-eighth having been sold before his telegram of acceptance was filed, how could the testimony of Hayzlett that Cook had authority to sell only the one-eighth of the royalty which he had previously sold to other parties, and repurchased, prejudice any right of plaintiff in error?

Plaintiff in error in his cross-action alleged that Cook had authority to sell one-eighth of the royalty, which fact is admitted by defendant in error, and we fail to see how Hayzlett, because he might be the owner of more than one-eighth of the royalty, would be called upon to deny the authority of Cook to sell more than one-eighth.

We have given careful consideration to the several assignments presented by plaintiff in error and have concluded that they should be overruled.

The judgment of the trial court is affirmed.